**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

UNITED STATES OF AMERICA                                                        PLAINTIFF

v.                                                              CRIMINAL ACTION NO. 5:07CR-17-R

DeMARLO LAJUAN HENDERSON                                                        DEFENDANT

**MEMORANDUM AND ORDER**

Defendant DeMarlo Lajuan Henderson filed a *pro se* motion for sentence reduction (DN 52). Henderson reports that he was sentenced in June 2008, and he seeks a sentence reduction "in regards to the new 1 to 1 crack law." The United States filed a response (DN 54). Plaintiff did not reply. This matter is ripe for consideration.

Due to the disparity in punishments between crack cocaine and powder cocaine offenses, effective November 1, 2007, the United States Sentencing Commission amended the Drug Quantity Table at Section 2D1.1 so that crack cocaine quantities were generally lowered by two levels. Subsequently, the Sentencing Commission amended Section 1B1.10 to make the crack cocaine amendment retroactive, effective March 3, 2008. On April 16, 2008, the United States Sentencing Commission promulgated Amendment 715 to the United States Sentencing Guidelines. *See* www.ussc.gov. Amendment 715 modifies the commentary to § 2D1.1 to revise the manner in which combined offense levels are determined in cases involving crack cocaine and one or more other controlled substance. *Id.* The new amendment additionally expands the listing in § 1B1.10(c) to include Amendment 715 as an amendment that may be applied retroactively pursuant to 28 U.S.C. § 994(u).

On March 10, 2008, Henderson pleaded guilty pursuant to a Rule 11(c)(1)(B) plea agreement to three counts of distribution of a mixture or substance containing cocaine base and one count of conspiracy to possess with intent to distribute a mixture or substance containing cocaine base. Henderson was sentenced on June 11, 2008, to a total term of 84 months imprisonment. The crack cocaine amendments were considered and applied at Henderson's sentencing. He, thus, already received the benefit of the recently lowered crack-cocaine levels.

Henderson seeks an additional reduction based on the "new 1 to 1 crack law." No such legislation or amendment to the Sentencing Guidelines has passed. Therefore, as argued by the United States, unless and until such law is passed and made retroactive to statutory mandatory minimum sentences, there is and will be no basis to further reduce Henderson's sentence.

Accordingly, **IT IS ORDERED** that the motion for sentence reduction (DN 52) is **DENIED**.

Date:


cc: Defendant, *pro se*
United States Attorney
4413.005